[No. 2100.]

PATERSON v. NURNBERG ET AL.

1. **Contracts—Water Rights—Diversion of Water.**
   Plaintiff contracted with defendant to enlarge defendant's ditch and to run water from his own into defendant's ditch,

defendant to own two-thirds and plaintiff one-third of the ditch, and water flowing therein; provided if either party should fail to furnish water in proportion to his interest he should be allowed only an amount proportioned to the volume supplied by him. Held, that the right of either party to water in proportion to the amount turned into the ditch contemplated the capacity of the ditch to carry all the water furnished by both, and that plaintiff could not by filling the ditch beyond his interest so that it would not carry the water defendant was entitled to run therein deprive defendant of his two-thirds interest in the water flowing in the ditch.

2.   Water Rights—Division of Water—Contracts.

Where two parties by contract use a ditch in common, the water to be divided in proportion to the amount furnished to the ditch by each, the amount of water either party is entitled to withdraw from the ditch should be determined by the amount that runs through the ditch, and not by the amount turned in, where the capacity of the ditch at its upper end is greater than that at the lower.

3.   Costs—Injunction.

Where plaintiff sought an injunction against defendant and defendant, by cross-complaint, sought an injunction against plaintiff, and both parties failed to make a case, each party should pay the costs incurred by his suit.

*Appeal from the District Court of Garfield County.*

Mr. J. W. DOLLISON, for appellant.

Mr. EDWARD T. TAYLOR, for appellees.

THOMSON, J.

John Paterson brought this action against John Nurnberg and Eugene Nurnberg to recover damages against them for the alleged violation by them of a certain contract between the plaintiff and the defendant John Nurnberg, and for an injunction restraining them from further violation of the contract. The contract, a copy of which appears in the complaint, was in writing, and was dated on the 1st day of June, 1896, and acknowledged on the 27th day of November, 1896. It provided that the plaintiff might turn the

water from his own ditch, called the "Paterson
Ditch," into a ditch belonging to Nurnberg, called the
"Nurnberg Lateral," the enlargement of which, as
part of the Paterson ditch, he had already substan-
tially completed; that he should put in and maintain
two measuring flumes, one to be located in his own
ditch immediately above where it entered the Nurn-
berg lateral, and the other in the Nurnberg lateral
below where Nurnberg tapped the lateral at the
lowest point on the ditch; and that Nurnberg should
own a two-thirds, and the plaintiff a one-third inter-
est in the ditch, and the water flowing therein; pro-
vided, that if either party should fail to furnish water
in proportion to his interest, he should be allowed
only an amount proportioned to the volume supplied
by him. The water was to be used for irrigating and
domestic purposes.

In the view we take of the case, further statement
of the contract is unnecessary. The complaint alleged
that the defendants had obstructed the flow of water
in the ditch, thus injuring the ditch; that the plaintiff
had turned into the ditch 1.61 cubic feet of water per
second, which was more than one-third of all the
water flowing in the ditch; but that the defendants
had taken and appropriated all the water turned into
the ditch by them, and about one-half of that turned
into the ditch by the plaintiff, so that he was able
to obtain only .7595 cubic feet per second.

The defendants answered denying the allegations
of the complaint, except as to the execution of the con-
tract; and by way of cross-complaint averred that the
plaintiff had never placed in the Nurnberg lateral,
nor in his own ditch, the measuring flumes provided
for in the contract; that he had not enlarged the lat-
eral as contemplated in the agreement; that he had
never furnished one-third of the water as required by
the agreement; that he had furnished no constant

flow, but turned water in irregularly, sometimes over-flowing the defendant's ditch and sometimes supply-ing no water at all; but that whether he furnished water or not, he constantly took water from the ditch to which he had no right, and deprived the defendants of water to which, under the contract, they were enti-tled. An injunction was prayed restraining him from taking more than a just proportion of the water, or from taking any water at all, until he had complied with the contract.

The court, after finding that the defendants had fully complied with all the provisions of the contract, decreed that they be perpetually enjoined and re-strained from interfering in any manner with the plaintiff, his agents, heirs and assigns in the free and peaceable use of an undivided one-third interest in the Nurnberg lateral ditch, and in the water flowing in the ditch, whenever the plaintiff should be turning into the ditch one-third of the water it would convey; and after finding that the plaintiff had not complied with the contract, in that he had not completed the enlargement of the Nurnberg lateral ditch, or put in or maintained measuring boxes at the places named in the contract; and after further finding that the plaintiff was obtaining through that ditch one-third of the amount of water that it would carry across the Nurnberg premises, and was not entitled to any more water than he was receiving, proceeded to decree an injunction against him, perpetually restraining him from interfering with the defendants in their free and peaceable use and enjoyment of an undivided two-thirds interest in the Nurnberg lateral ditch, and in the water flowing in the ditch, whenever the defend-ants should be turning into the ditch two-thirds of the water it would carry. The costs were adjudged against the plaintiff.

The decree is a curiosity. It makes a finding of a

complete compliance by the defendants with the contract, and of the obtaining by the plaintiff of all the water from the ditch that he was entitled to, thus negativing all supposition of interference by the defendants with the plaintiff's rights, the basis of an injunction against the defendants forever restraining them from interfering with the plaintiff's estate in the ditch and water. It also makes a finding that the plaintiff had not completed the enlargement of the ditch, or put in measuring flumes the basis of an order forever enjoining him from interfering with the defendants in the use of the water to which they were entitled. The defendants were enjoined from doing something they were not doing, or, for aught the court found, proposing to do; and the plaintiff was enjoined from doing something he was not doing, or, for aught the court found, proposing to do. Even if he was bound to complete the enlargement of the ditch, his failure to do so did not constitute an interference with the defendants in the use of their share of the water. But both parties to the contract agreed that he had already substantially completed its enlargement, and there was no agreement by him to enlarge it further. And how his failure to put in measuring flumes could prevent the defendants from obtaining the water to which they were entitled does not appear in the decree, evidence or briefs.

The testimony was conflicting; but there was evidence to sustain the court's findings of fact; indeed, we are not sure that it did not preponderate in their favor. Theodore Rosenberg, a hydraulic engineer, was a witness for the plaintiff. He testified that he measured the ditch on May 26, 1898. He testified that the actual capacity of the ditch, in its condition at that time, was 2.54 cubic feet per second, diminishing to 1.91 feet in the lower part of the ditch. We do not get the full benefit of his testimony, because he was ap-

parently testifying from a map, and, frequently, in describing the situation, used the expression, "from there to there." The map is not before us, and while the judge who heard him understood him, his meaning is not clear to us. But the plaintiff, in his complaint, admits receiving .7595 cubic feet of water per second, and in view of the testimony of Rosenberg, which we do understand, we are unable to say that the quantity represented by those figures was not one-third of the average capacity of the ditch. The court, however, was able to make an accurate deduction from his whole testimony, a part of which only is intelligible to us, and the legal presumption is that its finding that the plaintiff received one-third of the capacity of the ditch is correct. We do not regard the allegation that the plaintiff received only about one-half of the water he turned into the ditch—the defendants taking the remainder—even if it had been supported by proof, as entitled to consideration, in view of the facts. It is true that the contract provided that if either party should fail to supply his share of the water, he should take out only in proportion to what he turned in; but that provision contemplated the ability of the ditch to carry all the water which both parties might furnish. The capacity of the ditch at its upper end was only 2.54 feet. If the plaintiff furnished 1.61 feet, the defendants were necessarily unable to supply their share, because the ditch would not carry it. The plaintiff could not, by flooding the ditch with water turned into it by himself, thereby preventing the defendants from exercising their right to supply two-thirds of its capacity, deprive them of their title to two-thirds of the water. If he could, he might fill the channel up and claim all the water, and the defendants, no matter what their ability and effort to provide their share, be crowded out of their own ditch.

There was evidence that the plaintiff did not maintain the measuring flumes required by the contract; there was evidence warranting the conclusion that there was no obstruction in the ditch for which either plaintiff or defendants were responsible; there was no proof that the plaintiff ever prevented the defendants from obtaining their just proportion of the water; and it was testified that the defendants never interfered with the plaintiff in obtaining the quantity of water to which he was entitled. We do not criticise the court's findings of fact. They were all warranted by the evidence; but they fall very far short of supporting the injunctions which were decreed against the parties.

As the plaintiff failed to make a case against the defendants, and the defendants failed to make a case against him, he should pay all the costs incurred in his suit against them, and they should pay all the costs in their suit against him.

The judgment will be reversed and remanded with instruction to the district court to enter a judgment dissolving both injunctions and dividing the costs between the parties as indicated in this opinion. The judgment in this court will be without costs.

*Reversed.*